## R. H. BELL v. CAROLINA POWER AND LIGHT COMPANY.

### (Filed 18 October, 1911.)

**Master and Servant—Vice Principal—Orders—Negligence—Questions for Jury—Evidence—Nonsuit.**

Upon a motion to nonsuit, the plaintiff's evidence being construed in the most favorable light for him, it is reversible error of the trial judge not to submit the question of defendant's negligence to the jury in an action for damages for personal injuries, when there is evidence tending to show that plaintiff and others of defendant's employees were engaged in hoisting a large pole by rope and block to place it upright so as to put one end in a hole prepared for it; that the pole was resting upon a 12-inch wall of a large brick tank, and the defendant's vice principal ordered the plaintiff upon the wall to place the pole in position by using a piece of scantling for a lever, and while the plaintiff was acting accordingly, in full view of the vice principal, the latter ordered the other employees, who had hold of the hoisting rope, to pull on the rope, which caused the pole to swing upon the plaintiff and knock him from the wall to his injury.

APPEAL from *Whedbee, J.,* at April Term, 1911, of WAKE.

This is an action to recover damages for personal injuries.

The plaintiff alleges that he was an employee of the defendant, and that he was injured negligently while performing a duty in obedience to an order of his superior.

The defendant admitted that the plaintiff was in its employment, but denied negligence on its part, and alleged that the plaintiff was injured by his own negligence.

The defendant was engaged in building a large tank, and at the time of the injury was endeavoring to raise a derrick pole, which was to be used in hoisting material for the tank.

The tank was about 42 feet long, 16 feet wide, and 10 feet deep, and was divided into three compartments of equal size, by two walls 12 inches wide, the bottom being of concrete.

The pole was about 58 feet long, and about 16 to 18 inches in diameter at the larger end. It was laying across the tank, the larger end projecting about 6 feet over the end of the tank next to the hole, where it was to be placed, and the smaller end about 15 feet over the other end of the tank.

It was not parallel with the sides of the tank, the larger end being nearer one side of the tank, and the smaller nearer the other side.

The pole was what is known as a derrick pole, and was to be placed in a hole outside of the tank, to be used in hoisting material.

A rope was fastened around the pole about 10 or 12 feet from the larger end, and this rope extended to a snatch block, fastened to a pole, and then about 15 feet, where at the time of the injury it was in the hands of four or five employees of the defendant.

A line dropped from the smaller end of the pole approximately locates the snatch block, and from that point the rope extends in a southeastern direction. The rope was to be used in raising the pole.

The plaintiff offered evidence tending to prove that he was ordered by the foreman of the defendant to go on one of the 12-inch division walls and straighten the pole; that in obedience to the order he took a scantling and went on the wall; that he had the scantling under the pole pushing it straight, in full view of the foreman, when the foreman suddenly and without warning to him directed the other employees to pull on the rope; that this order was obeyed, the pole was raised several feet, turned towards him, and knocked him off the wall; and that he fell on the cement floor and was injured.

At the conclusion of the evidence his Honor, on motion of the defendant, entered a judgment of nonsuit, and the plaintiff excepted and appealed.

*Douglass, Lyon & Douglass for plaintiff.*
*J. H. Pou and R. H. Battle & Son for defendant.*

ALLEN, J., after stating the case: In our opinion, there was evidence of the defendant's negligence for the consideration of the jury, and this is the only question before us..

We express no opinion as to its weight, and forbear to discuss it further than is necessary to indicate upon what ground this decision rests, as the case is to be tried before a jury, whose verdict should be rendered uninfluenced by an expression of opinion on the facts by this or any other court.

The evidence on a judgment of nonsuit must be considered in the light most favorable to the plaintiff, and for the purposes of this appeal we must accept as proven the facts which the evidence reasonably sustains.

There is no suggestion in the record that the plaintiff was injured by the negligence of a fellow-servant, and the defendant admits that Stewart was in charge of the hands and the work.

The evidence tends to show that the defendant was handling a heavy pole 58 feet long, resting on the top of walls 10 feet from the ground; that it was the purpose of the defendant to raise the pole by means of a rope and place it in a hole; that the rope was fastened to the pole, and extended to a snatch block, and then extended some distance, where it was held by employees of the defendant; that the pole was not in the right position; that the foreman ordered the plaintiff to go on top of one of the division walls 12 inches wide, and force the pole into position by using a scantling; that the plaintiff obeyed the order and had the scantling under the pole, pushing it, when the foreman, who was in full view, suddenly and without notice to the plaintiff, gave the signal which caused the employees of the defendant, who had hold of the rope, to pull it, and that this carried the pole towards the plaintiff, knocked him from the wall, and injured him.

If so, there was evidence that a man of ordinary prudence could have foreseen that injury would probably result to the plaintiff by obedience to the signal, and that giving the signal was the cause of the injury, and this would be evidence of negligence.

The place where the rope was fastened to the pole, the direction of the snatch block, and the position of the men who pulled the rope, were also circumstances which the jury could consider.

The case falls within the principle declared in *Beal v. Fiber Co.,* 154 N. C., 157.

There was error in ordering a nonsuit, and there must be a New trial.